# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**April 30, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

EARLENE POLYAK,                )
                               )
    Plaintiff/Appellant,       )
                               )    Appeal No.
                               )    01-A-01-9803-CH-00133
VS.                            )
                               )    Lawrence Chancery
                               )    No. 7951-96 and 7736-95
DORA LEE HULEN and             )
WILMA LESNANSKY,               )
                               )
    Defendants/Appellees.      )

APPEALED FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

EARLENE POLYAK
3179 Middlefield Drive
Trenton, Michigan 48183
    Pro Se/Plaintiff/Appellant

DALTON MOUNGER
806A South Garden Street
Columbia, Tennessee 38402-1468
    Attorney for Defendants/Appellees

REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

This family dispute over the partition of a forty-two acre farm in Lawrence County is well into its third decade. The Chancery Court of Lawrence County granted judgment on the pleadings and ordered the property sold for partition. We reverse and remand for further proceedings.

## I.

Rena Hulen, the owner of the farm died in 1976. She left her property in equal shares to her three children, Earlene Polyak, Frank Hulen, and Wilma Lesnansky. The farm contained a small house and a barn.

In 1983 Mr. Hulen and Ms. Lesnansky filed a complaint in the chancery Court of Lawrence County asking that the farm be sold for partition. Ms. Polyak's defense has always been that the parties orally agreed to partition the property so that she would get the house and approximately ten acres on the front, Ms. Lesnansky would get a site for her son to build a house to the north of the farmhouse, and Mr. Hulen would get some of the property on the back next to his own farm. Apparently Ms. Polyak lost that battle (the order from that case is not in the record), and she set out on a journey through the federal courts, seeking to enjoin the sale of the property and to recover damages for a host of civil rights violations. The course of this journey is described in part in an order from the Sixth Circuit Court of Appeals filed on August 13, 1993:

> This case and eight others presently before the court (92-6345/6525; 92-6347/6528; 6526; 6527; 6529; and 6530) had their origin in 1976 when Mrs. Polyak and her two siblings inherited from their mother a family farm in Lawrence County, Tennessee, as tenants in common. Mrs. Polyak's siblings sought and obtained a partition sale of the property. Mrs. Polyak objected to the manner in which the farm was divided and began protracted state court proceedings.
>
> Failing to prevail in state court litigation, Mrs. Polyak began her assault on the partition sale in federal

court in 1985. She sought monetary damages and an order setting aside the partition sale. The defendants in this case are Mrs. Polyak's brother, Frank Hulen, and her sister, Wilma Lesnansky. The defendants have long ago stopped filing briefs in response.

Mrs. Polyak is appealing from an order entered by the district court on October 6, 1992, in which the court held that it would not consider any further submissions by Mrs. Polyak to relitigate any issue regarding the parties or the property involved in the partition sale.

In December of 1995 Ms. Polyak filed a complaint in the Chancery Court of Lawrence County against Ms. Lesnansky and Mr. Hulen. The basis for the complaint was the "settlement by agreement" of the parties in 1976. The complaint went on to describe expenses Ms. Polyak had incurred in working on the house, how her appeal of the order of sale was inadvertently lost, how the tobacco allotment was transferred to another (unspecified) farm, and how the whole ordeal had caused her stress, anxiety, and embarrassment. She prayed for $250,000 in compensatory damages, $250,000 in punitive damages, and a deed to the house and ten acres.

In February of 1996 Mr. Hulen and Ms. Lesnansky, acting pro se, moved to dismiss the complaint under Rule 12.06, Tenn. R. Civ. Proc., for failure to state a claim. The court entered an order on February 21, 1996 containing the following findings:

It appears to the Court that the plaintiff will pursue any means to re-litigate the previous and related issues that were involved or which arose out of the same transactions and occurrences that were involved in lawsuits already adjudicated in this Court, including, in this instance, attempting to bring in as defendants the plaintiffs in the original lawsuit in which the plaintiff herein, Earlene Polyak, was a defendant. That lawsuit was filed in the Chancery Court of Lawrence County, Tennessee, bearing Action No. 1974. The Court takes judicial notice from the public record that plaintiff herein, Earlene Polyak, has already litigated this dispute with the defendants named herein, in this and several other courts, and the averments therein appear to be largely the same as in this particular case. The original case was appealed to the Tennessee Court of Appeals and to the Tennessee Supreme Court. As mentioned, the dispute has also been filed by plaintiff in numerous courts across the United States of America and has even been pursued to the United States Supreme Court. It appears from the record, the Court's judicial notice of prior matters of public record, and defendants' motion that plaintiff's action is frivolous,

> filed in bad faith, vexatious and otherwise should be dismissed, fails to state a claim upon which relief can be granted and is barred.
>
> The Court, therefore, on defendants' Motion, and also <u>sua sponte</u>, dismisses this lawsuit filed by the plaintiff, Earlene Polyak, against the defendants, Frank Hulen and Wilma Lesnansky. Court costs are taxed to plaintiff.

In May of 1996 Ms. Lesnansky and Dora Lee Hulen filed a complaint in the Chancery Court of Lawrence County seeking a sale of the farm for partition. The complaint alleged that Frank Hulen died on April 11, 1996 and that Dora Lee Hulen was the sole beneficiary under his will.

Ms. Polyak filed an answer and counterclaim containing the same allegations she pressed in the complaint just recently dismissed. She then filed a notice of removal in the Columbia Division of the United States District Court. The district court remanded the state claims to the chancery court after dismissing the federal claims in the counterclaim.

In the meantime, Ms. Hulen and Ms. Lesnansky had moved to dismiss the counterclaim for failing to state a claim on which relief can be granted. They also moved for judgment on the pleadings. On February 10, 1998 the chancellor entered an order dismissing the counterclaim and another order granting judgment on the pleadings. The next day the chancellor entered an order ordering the clerk and master to sell the property described in the complaint.

The two cases have been consolidated on appeal. Both cases were disposed of on motions to dismiss, either for failure to state a claim under Rule 12.02(6), Tenn. R. Civ. Proc. or for judgment on the pleadings under Rule 12.03. Our problem stems from the fact that the chancellor sustained both motions on the ground of res judicata, but the record on appeal does not contain the support for that ruling. In fact, the defense of res judicata has not even been raised in either proceeding.

As we said in *Gregory v. Gregory*, 803 S.W.2d 242 (Tenn. App. 1990), the defense must be pled and the party raising the defense must prove it. "To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case . . . . If the record does not conclusively show that a particular matter was determined in a former proceeding, the party relying on res judicata as a defense must supplement the record by other proof." *Id.* at 244.

We have also searched the records of this court for evidence on which we could base a decision, but we have only found evidence that Ms. Polyak attempted to appeal a 1983 decision and the appeal was dismissed for the lack of a final judgment. Therefore, on the basis of what we have before us, we cannot sustain a judgment on the pleadings or a judgment of dismissal for failure to state a claim. On remand the appellees may be able to establish a record showing they are entitled to the relief sought.

The judgments entered in the two cases from the lower court are reversed and the causes are remanded to the Chancery Court of Lawrence County for further proceedings. Tax the costs on appeal to the appellees.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE