# Court of Appeals
## Tenth Appellate District of Texas

10-24-00042-CR

Joseph Lavon Green,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
443rd District Court of Ellis County, Texas
Senior Judge David W. Evans, presiding
Trial Court Cause No. 51292CR

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Joseph Lavon Green was convicted of one count of continuous sexual assault of a child and three counts of sexual assault of a child. *See* TEX. PENAL CODE §§ 21.02; 22.011. The jury assessed punishment for the continuous sexual assault count at life in prison. In the three sexual assault counts, because the jury found an enhancement paragraph alleging a prior out-of-state conviction from Connecticut to be true, Green was automatically sentenced to life in prison for each count. We affirm the trial court's judgments.

In his sole issue on appeal, Green complains the trial court improperly found the elements of the Connecticut statute under which Green was convicted to be substantially similar to the elements of his sexual assault convictions in Counts 2-4 pursuant to section 12.42(c)(2) of the Texas Penal Code, and thus, the jury should not have been instructed to assess an automatic life sentence.

Generally, section 12.42 provides enhanced penalties for repeat and habitual felony offenders. *See* TEX. PENAL CODE § 12.42. As it pertains to this case, section 12.42(c)(2) requires the imposition of an automatic life sentence for a defendant convicted of a sexual offense listed in section 12.42(c)(2)(A) if the defendant committed that offense after previously having been convicted "under the laws of another state containing elements that are substantially similar to the elements of an offense" listed in the statute. *Id.* (c)(2)(A), (B)(v). Sexual assault is an offense listed in section 12.42(c)(2). "Substantially similar" means that the elements "must display a high degree of likeness, but may be less than identical." *Fisk v. State*, 574 S.W.3d 917, 920 (Tex. Crim. App. 2019).

### *Judicial Notice*

Green first argues that the trial court did not take judicial notice of the Connecticut statute as it was required to do. *See Brooks v. State*, 357 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Hardy v. State*, 187

S.W.3d 232, 236 (Tex. App.—Texarkana 2006, pet. ref'd). We disagree with Green.

A trial court may, on its own motion, take judicial notice of the constitutions, public statutes, rules, regulations, ordinances, court decisions, and common law of every other state. TEX. R. EVID. 202. Although the trial court did not specifically state on the record that it was taking judicial notice of the Connecticut statute, immediately prior to trial and outside the jury's presence, the trial court discussed the two statutes with the parties and ascertained the similarity of the Connecticut statute's elements with the elements of section 22.011. The trial court also submitted the charge to the jury with the enhancement paragraph and instructed the jury to assess a sentence of life imprisonment if the jury found the enhancement paragraph to be true. Consequently, based on the record, we find the trial court implicitly took judicial notice of the Connecticut statute. *See Hardy v. State*, 187 S.W.3d 232, 236 (Tex. App.—Texarkana 2006, pet. ref'd) (judicial notice implicit in court's decision to charge jury on the enhancement). *See also Banks v. State*, 494 S.W.3d 883, 896 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (assumed judicial notice based on actions by trial court).

### *Substantial Similarity*

Green next complains that part of the Connecticut statute was not substantially similar to section 22.011.

The Connecticut statute provides that a person is guilty of sexual assault in the first degree when such person:

(1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or

(2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person, or

(3) commits sexual assault in the second degree as provided in section 53a-714 and in the commission of such offense is aided by two or more other persons actually present, or

(4) engages in sexual intercourse with another person and such other person is mentally incapacitated to the extent that such other person is unable to consent to such sexual intercourse.

CONN. PENAL CODE § 53a-70(a)

On appeal, Green takes issue with (a)(2) of the Connecticut statute arguing that because the statute only requires a two-year or more age difference between the actor and the victim before the actor could be convicted and section 22.011(e) of the Texas Penal Code requires a three-year or more age difference, he would have been convicted in Connecticut but would not have been convicted in Texas. Thus, he argues, the elements of (a)(2) and section 22.011(e) are not substantially similar.

But this is not what Green argued to the trial court. At trial, Green argued that (a)(2) is more restrictive than section 22.011 because (a)(2)

specifically requires the actor to engage in "sexual intercourse" which section 22.011 does not require. He did not take issue with the different age requirements. Thus, Green's argument on appeal does not comport with the argument made at trial and is not preserved for review. *See* TEX. R. APP. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) ("Because his trial objection does not comport with the issue raised on appeal, he has preserved nothing for review.").

Accordingly, Green's sole issue is overruled, and the trial court's judgments are affirmed.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: August 14, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
CRPM

