H. P. FOWLKES, Adm'r, *et al.* v. THE STATE.

1. JUDGMENTS. *Evidence.* A former judgment may be given in evidence under the general issue, as well as pleaded in bar, and would be equally conclusive.

2. SAME. *Pleadings and Practice.* A judgment was recovered in the county court, upon motion, against the administrator of the late clerk of the court and the sureties on the clerk's bond; the defendants afterwards undertook to remove the cause into the circuit court for a new trial by writs of *certiorari* and *supersedeas*, which writs were dismissed on motion of the plaintiffs; the defendants then appealed in error to this court, where the proceedings below were reversed, and the motion dismissed. *Held*, that the judgment was not on the merits.

3. ESTOPPEL. *Evidence.* As a general rule, the onus of establishing an estoppel is upon him who invokes it, and in all cases in which the

record gives no intimation whether a particular matter is determined, or where the language used leaves it uncertain and to conjecture, the party relying on the estoppel must aver the fact and support it by proof *aliunde*.

4. SAME. *Judgment. Record.* If the judgment of this court is relied upon as an estoppel, and the record does not clearly show whether the decision was on the merits, the court may look to the opinion delivered in the case, which is also a record, to clear up the doubt.

5. PLEADINGS AND PRACTICE. *Plea of former judgment.* A plea, or replication of a former judgment, would be bad on demurrer which failed to show that the judgment was or was not on the merits, as the pleading requires, but this may be done, either by averment, or by setting out the judgment in *haec verbe*, if the judgment itself state facts which plainly supply the averment.

6. SAME. *Same. Demurrer.* If the opposite party, instead of demurring to a defective plea or replication of a former judgment, take issue upon it, the defect would be waived, and cured by verdict.

### FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson county.    W. S. McLEMORE, J.

TURLEY & SON for Fowlkes.

R. N. RICHARDSON for the State.

COOPER, J., delivered the opinion of the court.

Action upon the bond of William Cummins as clerk of the county court, given by him as special commissioner. The bond being made payable to the State as required by law, the action is in the name of the State for the use of the parties claiming the recovery, being for funds received by Cummins as clerk, which

he was ordered by the court to pay out to the par-
ties entitled.    The suit is against H. P. Fowlkes as
administrator of William Cummins, who was then dead,.
and the sureties on his bond.    The defendant sure-
ties pleaded to the declaration *nil debit* upon which
issue was joined, and the statute of limitations of six
years.    To the latter plea the beneficial plaintiffs re-
plied, in substance, that they had, within six years of
the accrual of their right of action, commenced suit
by motion against the same defendants, on the same
bond, and for the same subject matter, in the county
court, which motion was finally dismissed by this
court.    Issue was joined on this replication in short
thus: "Rejoinder and issue."   The verdict and judg-
ment were in favor of the plaintiffs, and defendants
appealed in error.    The Referees report that the judg-
ment should be reversed upon the ground that the
replication was fatally defective in failing to aver that
the final dismissal of the former action was not upon
the merits; and upon the further ground that, in their
opinion, the former adjudication was upon the merits,
and a bar to the present action.    The plaintiffs be-
low except.

The replication sets out the proceedings in the suit
by motion at length, and the record of the cause is
introduced in evidence.    A former judgment may be
given in evidence under the general issue, as well as
pleaded in bar, and is equally conclusive: *Warwick* v.
*Underwood*, 3 Head, 238 ; *Renkert* v. *Elliott*, 11 Lea,

235, 250. As the case is presented tò us by the report and the exceptions of the plaintiffs below, the litigation is narrowed down to the question whether the former adjudication was on the merits.

The record of the former suit shows, as set out in the replication and proof, that the beneficiary plaintiffs in this action did, within six years after their right accrued, make a motion in the county court against the present defendants, on the same bond, for the same subject matter, and recovered judgment thereon; that the defendants afterwards carried the case into the circuit court for a re trial by writs of *certiorari* and *supersedeas;* that these writs were, upon the motion of the plaintiffs, dismissed by the court, and the judgment of the county court affirmed; that the defendants appealed in error to this court, and, upon final hearings, it was adjudged by the court that: "There was error in the proceedings of the court below, and the same are reversed, and the motion entered by the plaintiffs below dismissed."

The judgment of this court reverses the proceedings below, and of course leaves no adjudication in the lower courts to be relied on as a bar to the present action. And the judgment of this court is not a dismissal of the plaintiffs' cause of action, but of the motion. Looking alone to the language of the entry, "the dismission," as said by this court in a somewhat similar case, "of the defendants was not general but limited to the motion": *Henderson* v. *King*, 4

Hay., 94. But the very attitude of the case before this court shows that the dismission could not have been on the merits, for the obvious reason that the case was in no condition to be so decided. The appeal in error was from the judgment of the circuit court dismissing the writs of *certiorari* and *supersedeas*, by which the cause had been brought into the circuit court for re-trial. The proceedings of the county court on the merits were not before this court, for there was no appeal or writ of error from those proceedings. The motion itself might be treated as before the court as a necessary appendant to the proceedings in the circuit court. And this court, in dismissing the motion, must necessarily have acted on the assumption. We know, as matter of judicial history in this State, the course of decision upon the question of the right to proceed by motion against the personal representative of a deceased officer. I called attention to the conflict in the decisions in a note appended to *Tipton* v. *Harris*, Peck, 425, in my edition of our reports. We do not need the opinion of this court in the motion case of *Prowell* v. *Fowlkes*, 5 Baxt., 649, to see that there was a ground for dismissing the motion, without dismissing the defendants on the merits. As a general rule, the onus of establishing an estoppel by judgment is, by the law, cast upon him who invokes it. Freem. on Judgt., section 276. And there can be no doubt, says Mr. Freeman, that in all cases in which, from the record alone, no intimation

Fowlkes v. The State.

is given whether a particular matter has been deter-
mined or not, it is incumbent upon a party alleging
that the matter has been settled by the former adju-
dication to support his allegation by evidence *aliunde*.
Parol evidence is always admissible to show the fact,
even if it appears *prima facie* that a question has
been adjudicated, where the record does not show that
it was actually settled: Freem. on Judgt., sections
274, 275; *Henderson* v. *King*, 4 Hay., 94.    The
court ought not, to use the language of the opinion
in the case just cited, to proceed upon the conjecture
that the decision was founded upon some of the final
points, when it might be that the conjecture was un-
founded; and when it may be that in reality the
judgment of the circuit court went upon other and
different grounds, the merits being not affected.    There
ought to be a certainty upon this head.    If it be
unattainable from the record, considering the usual
forms adopted by the clerks in recording these motions
and the proceedings upon them, the defect may be
remedied by averment and proof.    We think the rec-
ord of the former suit by motion shows *prima facie*,
if not conclusively, that the dismissal by this court
was not on the merits.    And the defendants below
introduced no evidence to show that there was an
adjudication on the merits.    And even if the pre-
sumption, as stated by the Referees, was that the dis-
missal was on the merits, if the record leaves the
matter in doubt, this court may look to the opinion

of the court then delivered, which is also a record, to clear up the doubt. That opinion shows that the dismissal was because the motion would not lie against the defendants because of the death of the clerk, the remedy in such a case being alone by an ordinary action. The dismissal was, therefore, not on the merits.

A plea of a former judgment would, upon demurrer, be clearly bad which failed to show that the judgment was rendered on the merits: *Hurst* v. *Means*, 2 Sneed, 548. · In the ordinary form of the plea, or in any form which leaves the fact uncertain that the judgment was on the merits, there must be an averment to that effect: *Henderson* v. *King*, 4 Hay., 94. It may be, too, that a replication to a plea of the statute of limitations to the effect that the plaintiffs had commenced an action within the bar of the statute, and upon its dismissal had brought the particular suit within one year under the Code, section 2755, would be open to a demurrer if it failed to show that the former suit was not dismissed on the merits. But if the plea or replication undertake to set out in *extenso* the proceedings in the former suit, and from them it appears that the adjudication was or was not on the merits, an averment to that effect would clearly not be necessary. And if the opposite party, instead of demurring, take issue upon a defective plea or replication, the defect would be waived and cured by the verdict, as in the case of a defective declaration: *In-*

*surance Company* v. *Mathews,* 8 Lea, 499, 502; *Snapp* v. *Moore,* 2 Tenn., 240.

The exceptions to the Referees' report must be sustained, and the judgment of the circuit court affirmed.