Robert Joe GREGORY,
Plaintiff–Appellee,

v.

Bobbi Joe GREGORY, State of Tennessee Department of Human Services,
Defendants–Appellants.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Oct. 19, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 7, 1991.

Jacky O. Bellar, Carthage, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. & Reporter, Stuart F. Patton, Asst. Atty. Gen., Nashville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

This is an appeal from a decision of the Smith County Chancery Court which reversed a final order of the Tennessee Department of Human Services. The Chancellor held that the appellee was not properly subject to a 1988 income tax intercept procedure for the collection of child support arrearages. The Chancellor determined that a final order entered on May 19, 1988, by the District Court of Morgan County, Alabama, acting as the responding state to a URESA petition filed by the appellant, operated as *res judicata* to bar the appellant from further claiming any arrearage. We are of the opinion that the record does not support a finding that the Alabama judgment is conclusive on the amount of the arrearage. We, therefore, reverse.

The parties were divorced on March 9, 1981. The final decree of divorce, entered by the Smith County Chancery Court, awarded custody of the parties' one minor

child to Mrs. Gregory and ordered Mr. Gregory to pay support of $150.00 per month.

On February 1, 1988, Mrs. Gregory filed a petition for support in the Smith County Circuit Court, pursuant to the Uniform Reciprocal Enforcement of Support Act, Tenn. Code Ann. §§ 36–5–201, et seq., seeking an award of current child support and arrearages. In support of her petition Mrs. Gregory filed an affidavit of arrearages. The affidavit alleges that during the period of April 1, 1981, until June 1, 1987, Mr. Gregory had paid a total of $4,000.00 in child support, and was $6,800.00 in arrears. The petition and accompanying documentation were transmitted to the District Court of Morgan County, Alabama for further proceedings.

On July 7, 1988, Mrs. Gregory filed an application through the Tennessee Child Support Enforcement Program for collection of child support by way of a federal income tax refund offset, 45 C.F.R. § 303.72 (1989). She alleged that $6,775.00 in past due child support had accrued since April 1, 1981. In support of her application, Mrs. Gregory filed the same affidavit of arrearages that was used for the URESA petition, as well as a supplemental affidavit that covered arrearages from July 1987 through June 1988. Mr. Gregory's income tax refund for 1988 was seized by the Internal Revenue Service and was offset by the amount of alleged past due support. The record does not indicate the amount of income tax refund which was offset.

On May 15, 1989, Mr. Gregory requested a fair hearing before the Tennessee Department of Human Services to appeal the IRS offset. A hearing convened at Carthage on July 11, 1989 to determine the correct amount of the arrearage. Mr. Gregory appeared with counsel and contended there was no arrearage at all. That contention was based on the judgment from the Alabama court in the URESA case finding the arrearage to be $1,325.00, and Mr. Gregory's allegation that he had paid the judgment and $150.00 per month since the date of the judgment.

Following a hearing on July 11, 1987, the hearing officer set forth in an initial order her findings that an arrearage exists and that the tax intercept was therefore proper. That order states that the Alabama judgment does not show how or what period was considered during the URESA hearing, and that based on Mrs. Gregory's sworn testimony that the arrearages were $6,775.00, the Alabama judgment of $1,325.00 was in effect superseding the original order of support in violation of Tenn.Code Ann. § 36–5–226.

On November 8, 1989, Mr. Gregory filed a petition for reconsideration of the initial order with the DHS. That petition was denied. Mr. Gregory then appealed the initial order and the denial of his request for reconsideration to the Commissioner of the Tennessee Department of Human Services. On November 17, 1989, the Chief of Appeals of the DHS entered a final order affirming the initial order issued by the hearing officer.

On December 18, 1989, Mr. Gregory filed a petition for review of the agency decision in the Smith County Chancery Court. The chancellor held that the doctrine of res judicata applies to bar the Department of Human Services from rehearing the matter of arrearages. The court found that no order issued by any Tennessee court had been modified or altered, that the Alabama court was the first to hear the matter and establish an amount of arrearages, and as such, the judgment of that court is entitled to full faith and credit in this state pursuant to Art. 4, sec. 1 of the United States Constitution.

The Department of Human Services, along with Mrs. Gregory, have appealed the decision of the Smith County Chancery Court. They contend that the trial judge erred by applying the doctrine of res judicata to give preclusive effect to the Alabama judgment, and that it was error for both lower courts to forgive child support arrearages in violation of Tenn.Code Ann. § 36–5–101(a)(5).

In order to succeed on a plea of res judicata, or estoppel by judgment, the party raising the defense must plead it,

Tenn.R.Civ.P. 8.03, and must carry the burden of proving it. *Carter County v. Street,* 36 Tenn.App. 166, 252 S.W.2d 803 (1952). To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case. *American National Bank v. Bradford,* 28 Tenn.App. 239, 188 S.W.2d 971 (1945). If the record does not conclusively show that a particular matter was determined in the former proceeding, the party relying on res judicata as a defense must supplement the record by other proof. *Carter County v. Street,* 36 Tenn. App. 166, 252 S.W.2d 803 (1952). "Parol evidence is always admissible to show the fact, even if it appears prima facie that a question has been adjudicated, where the record does not show that it was actually settled." *Fowlkes v. State,* 82 Tenn. (14 Lea) 14, 19 (1884); *See also Borches & Co. v. Arbuckle Bros.,* 111 Tenn. 498, 78 S.W. 266 (1903).

■ In this case, the record from the proceeding before the hearing officer contains copies of (1) the original URESA petition filed in Smith County on February 16, 1988 (form II), (2) the sworn testimony filed in support of the petition (form III), (3) the transmittal letter (form I), (4) a "reciprocal court order" from the district court in Morgan County, Alabama ordering the husband to appear and answer the petition seeking "support for one minor child," and (5) a "Case Action Summary", dated May 19, 1988, containing "actions, judgment, case notes" which reflects that after a hearing the current support obligation was adjudged to be $150.00 per month and the arrearage was adjudged to be $1,325.00. None of these documents are certified and there is no certification that these documents comprise the entire record from the Alabama URESA proceeding. There are actually two copies of the "Case Action Summary" in the record. One copy does not contain any indication that it was filed or delivered for filing. The other copy contains a stamp indicating that it was filed on May 26, 1988 at 9:35 a.m. and is signed by a deputy clerk. Neither copy bears any indication that it was placed on the minutes of the court.

As the record stands, we do not have any competent proof that there is a judgment of record in Alabama covering the subject matter of the arrearage. Even if we ignore the technicalities involved in the proof of the record from the Alabama proceeding, we are still required to speculate about the period of time covered by the Alabama judgment. Without the entire record or some other evidence showing what was involved in arriving at the amount of the arrearage, we do not know if the judgment covered the period up to the date of the judgment, as Mr. Gregory insists, or up to the date of the petition, or some other period. Mr. Gregory appeared at the fair hearing in Carthage, but he did not testify. Thus, the hearing officer was deprived of the testimony of the only person present at the hearing who could shed any light on what actually happened in the Alabama proceeding.

We are of the opinion that Mr. Gregory has failed to carry his burden of showing that the Alabama judgment is conclusive on the amount of the arrearage. "If there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment." *Bagwell v. Bagwell,* 153 Fla. 471, 14 So.2d 841, 843 (1943).

Without the benefit of the former judgment and without any testimony from Mr. Gregory, the only evidence in the record shows that the arrearage is $6,775.00.

■ We are not unaware of the rule in this state that a judgment in a former action between the same parties on the same cause of action concludes not only the facts actually litigated but the facts that *might have been* litigated. *See A.L. Kornman Co. v. Metropolitan Government,* 216 Tenn. 205, 391 S.W.2d 633 (1965). Thus, an argument could be made that we should not concern ourselves with the uncertainty about the period of time covered by the Alabama judgment since that is a fact that might have been litigated. But, it is also true that that rule does not "apply

in every case where the rule of *res judicata* is invoked." *Harris v. Mason*, 120 Tenn. 668, 115 S.W. 1146 (1907). In this case, where the amount of the arrearage was determined in a foreign court in a URESA proceeding, where the custodial parent was not present, we do not think it requires too much of the non-custodial parent to make him prove with certainty that the judgment covered the entire period for which the arrearage was sought. Therefore, we think the rule followed in *Kornman* should not be rigidly applied here.

The judgment of the court below is reversed and judgment will be entered here reinstating the decision of the administrative agency. The cause is remanded to the Chancery Court of Smith County. Tax the costs on appeal to the appellee.

TODD, P.J., and KOCH, J., concur.