IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**VALERIE HUMPHREYS (HUMPHRIES)**

     Appellant,

Vs.

**PLANT MAINTENANCE SERVICES,
INC., RECLAMATION TECHNOLOGIES,
INC., BOLD-ARK OF TEXAS, INC.,
ROBERT B. BAKER, STEPHEN
BROWN,**

     Appellees.

Shelby Circuit No. 93759
C.A. No. 02A01-9811-CV-00323



**FILED**

**July 30, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE GEORGE H. BROWN, JR., JUDGE

J. Jay Cheatwood of Lawrenceburg
For Appellant

Robert D. Flynn, Minton P. Mayer of Memphis
For Appellees, Plant Maintenance Services,
Reclamation Technologies, Inc., and Baker

*AFFIRMED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This is a shareholder's derivative action. Plaintiff/Appellant, Valerie Humphreys[1]

---

    [1]Appellant's name was spelled Humphreys on the complaint and on subsequent pleadings; however, on appeal her name has been spelled Humphries. For purposes of this

(Humphreys), appeals the order of the trial court dismissing her action against Defendants/Appellees, Plant Maintenance Services Corporation (PMSC)[2], Reclamation Technologies, Inc. (RTI), Bold-Ark of Texas, Inc. (Bold-Ark), Robert Baker (Baker), and Stephen Brown (Brown).

In 1991, Covenant Environmental Technologies, Inc. (Covenant) was incorporated for the purpose of obtaining oil from old tires through the use of mobile retort units (MRU) designed by Bold-Ark. Baker was on the board of directors of Covenant at that time. He also formed RTI in 1992 and serves as an officer of the company and also serves as president of PMSC. Brown is a Memphis attorney who performed work for Covenant and Bold-Ark prior to 1994. Humphreys became a shareholder in Covenant in December 1995. She now serves as president of the company.

On March 26, 1998, Humphreys, *pro se*, filed the instant case as a shareholder's derivative action on behalf of Covenant. She alleges fraud, misappropriation of funds, and interference with economic development against PMSC, RTI, Bold-Ark, Baker, and Brown for business dealings involving Covenant in the early 1990s. Defendants filed a motion to dismiss on April 30, 1998, alleging (1) that Humphreys' causes of action were time barred by the respective statutes of limitations; (2) that Humphreys' complaint failed to allege fraud with particularity as required by Tenn. R. Civ. P. 9.02; (3) that the action was barred by collateral estoppel and/or *res judicata*; (4) that Humphreys did not have standing to bring suit on behalf of the corporation; and finally, (5) that the complaint fails to state a claim upon which relief can be granted.[3]

On May 19, 1998, Humphreys filed a pleading styled "Plaintiff's Objections to Defendants Motion to Dismiss" in which she stated that she was a major shareholder in Covenant and was entitled to bring a derivative action on behalf of the corporation under the "Doctrine of Corporate Alter Ego." On June 30, 1998, Humphreys filed another pleading along

opinion she will be called Humphreys.

[2]PMSC's name is improperly styled Plant Maintenance Services, Inc. at the trial level and on appeal.

[3]Defendant Brown, represented by separate counsel, filed a separate motion to dismiss alleging failure to state a claim, and that the action was time barred by the applicable statute of limitation.

with some fifty (50) exhibits styled "Plaintiff's First Set of Material Facts to Support Allegations

. . ." In this pleading, she alleged among other things that:

> 6. The cover-up of wrongdoings by Defendants over the past decade have . . . escalated into fraudulent claims amounting to $1.5 million, FBI cover-up, harassing calls to Plaintiff, threats, fraudulent claims of Contempt against Plaintiff, criminal actions by several attorneys to cripple the corporation, illegal lien and foreclosure on Covenant's facility in Tulsa, falsification of court records to force payment of fraudulent judgment, tampering with Covenant's Dun & Bradstreet, wire tapping, tampering with Covenant's and Plaintiff's personal mail, corporate sabotage, fraud by Covenant's own patent attorney who coincidentally was the Defendant's patent attorney in the Diet Cookie scam.

> *         *         *

> 22. Another reason to go public was to protect the Plaintiff from bodily harm. The Plaintiff is the only witness to an [sic] cover-up of FBI involvement in a fire that resulted in a death.

On September 21, 1998, the trial court entered an order dismissing Humphreys' action against PMSC, RTI, and Baker on the grounds that the action was barred by the doctrine of *res judicata* and collateral estoppel, and that the complaint did not state allegations of fraud with particularity. The trial court also entered an order granting Brown's motion to dismiss on the grounds that the action was time barred under the applicable statute of limitations, and that Humphreys did not have standing to bring the action.[4]

Humphreys timely appealed the trial court's order[5] and requests this Court to determine (1) whether her complaint pleads fraud with particularity sufficient to withstand a motion to dismiss, and (2) whether her complaint should have been dismissed pursuant to the doctrines of *res judicata* and collateral estoppel. The defendants present the issue of whether Humphreys' complaint should have been dismissed for her lack of standing to bring claims on behalf of Covenant.

Humphreys first raises the issue that the trial court erred by dismissing her action for failure to plead fraud with particularity. Tenn. R. Civ. P. 9.02 states:

---

[4]An order dismissing Bold-Ark was never entered in the trial court. However, during oral argument, appellant's counsel was informed of this error and, in order to avoid dismissal of the appeal, was allowed to take a voluntary non-suit in the trial court as to Bold-Ark in order to make the trial court's judgment final. The order of non-suit was filed on May 28, 1999.

[5]Although no order in this Court exists, appellant asserts in her brief that "Stephen Brown is no longer a part of the lawsuit, having been dismissed from the appeal." We will consider this a stipulation of dismissal.

**9.02. Fraud, Mistake, Condition of the Mind. --** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

Although fraud must be pled with particularity, the Committee Comments to Tenn. R. Civ. P. 9.02 explain in pertinent part that:

> The requirement in Rule 9.02 -- in averments of fraud or mistake the circumstances constituting fraud or mistake must be set forth with particularity -- is not intended to require lengthy recital of detail. Rather, the Rule means only that general allegations of fraud and mistake are insufficient; the pleader is required to particularize, but by the "short and plain" statement required by Rule 8.01.

Humphreys' complaint does allege acts of a fraudulent nature. Specific examples include:

> 10. Baker diverted $50,000 of Covenant's funds into an account in the name of Bold-Ark on March 32, 1992 [sic] and most of those funds were distributed to Covenant's officers. There was also a payment of a tax return of B.A.R. 1.

> \*　　　　\*　　　　\*

> 40. After Baker resigned as director of Covenant and all production was halted on the Covenant Mobile Retort System, Baker failed to return proprietary drawings and equipment to Covenant and maintained these drawings and equipment in his possession illegally for five years.

Tenn. R. Civ. P. 8.01 requires that the complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." Humphreys puts forth detailed facts such as the date and amount allegedly procured by fraud. While Humphreys' complaint is somewhat unclear, we believe that she states several averments with sufficient particularity to satisfy the requirements of Rule 9.02. *See Petty v. Call*, 599 S.W.2d 791, 795 (Tenn. 1980); *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 738 (Tenn. App. 1996). Thus, the trial court erred by dismissing the action on this basis.

It appears that as to *res judicata*, the trial court examined evidence other than the pleadings filed by the parties. When considering a motion to dismiss, the trial court retains discretion to consider extrinsic evidence outside the pleadings. *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973). In the event that the trial court does consider extrinsic evidence, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Tenn. R. Civ. P. 12.02;

4

*Hixson*, 493 S.W.2d at 473; *Hunt v. Shaw*, 946 S.W.2d 306, 307 (Tenn. App. 1996). All parties, however, must be provided a "reasonable opportunity" to proffer sufficient evidence in accordance with Rule 56. Tenn. R. Civ. P. 12.02.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Humphreys contends that the trial court erred in dismissing the action based on the principles of *res judicata* and/or collateral estoppel. She cites in her brief the case of *Gregory v. Gregory*, 803 S.W.2d 242 (Tenn. App. 1990) to support her contention that the defendants have not carried the burden in proving *res judicata* by placing into the record evidence of the former case. The *Gregory* Court stated in pertinent part:

> In order to succeed on a plea of *res judicata*, or estoppel by judgment, the party raising the defense must plead it, Tenn. R. Civ. P. 8.03, and must carry the burden of proving it. *Carter County v. Street*, 36 Tenn. App. 166, 252 S.W.2d 803 (1952).

5

> To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case. ***American National Bank v. Bradford***, 28 Tenn. App. 239, 188 S.W.2d 971 (1945). If the record does not conclusively show that a particular matter was determined in the former proceeding, the party relying on *res judicata* as a defense must supplement the record by other proof. ***Carter County v. Street***, 36 Tenn. App. 166, 252 S.W.2d 803 (1952).

*Id.* at 243-44.

Prior to the filing of the present lawsuit, Covenant prosecuted an action for breach of contract against PMSC which was dismissed on summary judgment. It is this judgment that the defendants assert bars the present action because of *res judicata* or collateral estoppel. The defendants filed a copy of the order granting summary judgment and the order denying plaintiff's motion to set aside summary judgment but did not file any other portion of the trial record. However, Humphreys filed a substantial portion of the trial record with her pleading styled "Plaintiff's First Set of Material Facts. . . ." We believe that there is enough evidence presented in the record on appeal to determine whether *res judicata* and/or collateral estoppel apply.

This Court stated the general rule regarding *res judicata* and collateral estoppel in ***Collins v. Greene County Bank***, 916 S.W.2d 941, 945 (Tenn. App. 1995).

> *Res judicata* bars a second suit between the same parties on the same cause of action as to all issues which were or could have been litigated in the former suit. ***Scales v. Scales***, 564 S.W.2d 667 (Tenn. App. 1977). The party asserting the defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits. ***Lee v. Hall*** 790 S.W.2d 293, 294 (Tenn. App. 1990).

> Collateral estoppel, in contrast, bars a second suit between the same parties on a different cause of action where the issues were actually litigated and determined in the former suit. ***Scales***. [sic].

The suit that the defendants rely upon to assert *res judicata* and collateral estoppel was styled ***Covenant Environmental Technologies, Inc. v. Plant Maintenance Services Corp.*** The basis for this suit was PMSC's alleged breach of contract in the construction of three MRUs. RTI, Baker, and Brown are not listed as defendants to the action.

As previously stated, *res judicata* applies when the action involves the same parties and the same cause of action. In the present instance, Humphreys is suing on behalf of Covenant, one of the parties in the prior litigation. Her present suit is for fraud and misappropriation, and

6

the previous suit was for breach of contract for services. These are entirely different causes of action. We find that the action against PMSC is not barred by the doctrine of *res judicata.*

Moreover, the trial court erred in dismissing the remaining defendants. Neither RTI nor Baker were parties to the prior suit, a fundamental requirement for *res judicata* to apply. Thus, the suit against RTI and Baker is not barred by *res judicata.* Further, collateral estoppel does not apply to parties in this action because "it must be shown . . . that the issue sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit." *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn. App. 1977).

Finally, the defendants raise the issue of whether Humphreys has standing to sue in a derivative action. Corporations are distinct legal entities. The corporation's officers and directors, not its shareholders, have the responsibility for managing a corporation's business and affairs, and "[t]his responsibility extends to determining whether the corporation should pursue judicial remedies for its injuries." *Lewis on Behalf of Citizens Sav. Bank & Trust Co. v. Boyd*, 838 S.W.2d 215, 220 (Tenn. App. 1992).

The United States Supreme Court has noted that the shareholder derivative action "could, if unrestrained, undermine the basic principle of corporate governance that the decisions of a corporation-- including the decision to initiate litigation-- should be made by the board of directors or the majority of shareholders." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 531, 104 S. Ct. 831, 835, 78 L. Ed. 2d 645 (1984) (citing *Hawes v. Oakland*, 104 U.S. (14 Otto) 450, 454-457, 26 L. Ed. 827 (1882)). Because the shareholders' ability to institute an action on behalf of the corporation inherently impinges upon the directors' power to manage the affairs of the corporation the law imposes certain prerequisites on a stockholder's right to sue derivatively. In Tennessee, the law governing derivative actions is located at T.C.A. § 48-17-401 and states in pertinent part:

> **48-17-401. Procedure in derivative proceedings. --** (a) A person may not commence a proceeding in the right of a domestic or foreign corporation unless the person was a shareholder of the corporation when the transaction complained of occurred or unless the person became a shareholder through transfer by operation of law from one who was a shareholder at that time.
> (b) A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the person did not make the demand. Whether or not a demand for action was made, if the corporation commences an investigation of the charges made in the demand or complaint, the court may stay any proceedings until the investigation is completed.

> \*          \*          \*

Also, Tenn. R. Civ. Proc. 23.06 states:

> **23.06. Derivative Actions by Shareholders.--** In a derivative action

brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share of membership thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action desired from the directors or comparable authority and, if necessary, from the shareholders, or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be voluntarily dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

Humphreys failed to satisfy the demand requirement under the statute by not filing a written request with the board of directors of Covenant to bring suit against the defendants in this action. However, the courts of this state have long recognized that "the demand requirement should be excused if making the demand would be 'idle ceremony.'" *Lewis*, 838 S.W.2d at 221.

Humphreys alleges in her pleadings and on appeal that she should be excused from the demand requirement because Covenant has insufficient funds to prosecute an action against the defendants and requesting that it bring suit would be futile. This Court in *Lewis*, 838 S.W.2d at 222 stated in pertinent part:

> Courts in some jurisdictions like Tennessee that do not require a precomplaint demand in every case have segregated derivative actions into two categories. "Demand refused" cases are those in which the corporation's directors have refused to take action in response to a shareholder's demand. "Demand excused" cases are those in which a shareholder is not required to make a demand because doing so would be futile.
>
> *          *          *
>
> The focus in a demand excused proceeding differs from a demand refused proceeding. In demand excused cases, the grounds for the shareholder's claim are (1) that the board is interested and not independent and (2) that the challenged transaction is not protected by the business judgment rule. *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984). Thus, demand excused cases require an examination of the corporate decision-makers' interest and independence, *Levine v. Smith*, 591 A.2d at 212, as well as the good faith and reasonableness of its investigation.

Plaintiff has failed to present sworn proof that she was "a shareholder of the corporation when the transaction complained of occurred, or . . . [that she] became a shareholder through transfer by operation of law from one who was a shareholder at that time." T.C.A. § 48-17-401 (a). Moreover, the complaint in this case is not verified, no demand was made, and otherwise does not comply with the provisions of T.C.A. § 48-17-401 (b). Accordingly, we find that plaintiff has not established that she has standing to bring this action on behalf of the corporation. Although we find

8

that the case was improperly dismissed for the reasons stated by the trial court, we are authorized to affirm a judgment of the trial court correct in result rendered upon different, incomplete, or erroneous grounds. *Hopkins v. Hopkins*, 572 S.W.2d 639 (Tenn. 1978).

The order of the trial court dismissing the case is affirmed. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**