IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2017 Session

## FRANKIE G. MUNN v. SANDRA M. PHILLIPS ET AL.

Appeal from the Circuit Court for Cocke County
No. 33976-III     Rex H. Ogle, Judge

_____

### No. E2016-02242-COA-R3-CV
_____

In this unjust enrichment action, the trial court awarded the plaintiff $42,929.00 for the fair market rental value of improved real property that the plaintiff purchased at a foreclosure sale in 2012 but did not gain possession of until 2015. Following the foreclosure sale, the plaintiff was forced to litigate for a period of three years to obtain title, during which time the former owners of the home, who had defaulted in payments on their mortgage, remained in possession and failed to pay rent. The plaintiff subsequently filed this action in the trial court, seeking an award of fair market rental value of the home from the former owners. The trial court ordered that the former owners pay reasonable rent of $1,200.00 per month from August 2, 2012, the date of the foreclosure sale, to July 24, 2015, the date upon which the court in the prior action entered a final order declaring the plaintiff to be the rightful owner of the property. The former owners have appealed. Because the trial court failed to make specific findings of fact and conclusions of law regarding the applicability of any *res judicata* defense, we vacate the trial court's judgment and remand this matter to the trial court for resolution of that issue.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. CHARLES D. SUSANO, JR., J., filed a separate dissenting opinion.

David S. Byrd, Morristown, Tennessee, for the appellants, Sandra M. Phillips and Danny Phillips.

Ben W. Hooper, III, Newport, Tennessee, for the appellee, Frankie G. Munn.

**OPINION**

## I. Factual and Procedural Background

The defendants, Sandra M. Phillips and Danny Phillips, were the owners of a home located in Cocke County, Tennessee, for which they defaulted on their mortgage payments in 2012. Consequently, the substitute trustee ("Trustee") for the Phillipses' lender, Beneficial Tennessee, Inc. ("Beneficial"), conducted a foreclosure sale of the Phillipses' home on August 2, 2012. The plaintiff, Frankie G. Munn, was the highest bidder and purchaser of the home at the sale. Following the sale, Trustee sought to cancel the sale and set it aside due to an alleged error with regard to the starting bid. Trustee further refused to deliver a deed to Mr. Munn, despite the fact that Mr. Munn had wired the purchase money to Trustee. As a result, on August 10, 2012, Mr. Munn filed an action in the Cocke County Chancery Court ("Chancery Court") seeking specific performance of the sale contract. In addition to Trustee, Mr. Munn named the Phillipses and others as defendants in the Chancery Court action. The Phillipses remained in possession of the home for the three-year period during which the specific performance litigation was pending.

Following mediation and entry of a settlement agreement, the Chancery Court entered an agreed final order on June 23, 2015, declaring Mr. Munn to be the owner of the real property at issue.[1] Mr. Munn received a Substitute Trustee's Deed for title to the property, which he subsequently recorded. The Phillipses ostensibly vacated the home in August 2015. However, they paid neither mortgage payments to the lender nor any rental payments to Mr. Munn during the time period between the date of the foreclosure sale and the date of their departure from the residence.

On December 28, 2015, Mr. Munn filed the instant action in the Cocke County Circuit Court ("trial court"), asserting a claim against the Phillipses for fair market rental value of the real property from August 2, 2012, the date of the foreclosure sale, until the date the property was vacated in August 2015. Mr. Munn alleged, *inter alia*, that the Phillipses failed to pay rent during that three-year period, resulting in their unjust enrichment. Mr. Munn further alleged that he was damaged by the denial of his use of and/or rental income derived from the real property and that the home sustained damage and depreciation during the period when the Phillipses were in possession of the home following foreclosure. Mr. Munn asserted that the foreclosure sale was conducted pursuant to the Phillipses' deed of trust, which contained a provision stating that if the property were sold in foreclosure, the Phillipses would immediately surrender possession

---

[1] The record is unclear regarding whether the Phillipses actually participated in the mediation or settlement agreement.

2

of the property to the purchaser at the sale or would pay the reasonable rental value for same.

The Phillipses filed an answer, admitting that they continued to occupy the real property while the prior litigation was pending. Furthermore, the Phillipses averred that they remained in possession of the property with the permission of their "bank" and with the "implicit permission" of Mr. Munn. According to the Phillipses, Mr. Munn never requested that they vacate the property, such that they relied on his implicit authorization to their detriment. They also alleged that because Mr. Munn had failed to seek rent payments in the prior litigation, he had waived that claim.

On October 7, 2016, the trial court entered an order, which provided, *inter alia*: "Plaintiff shall have and recover from the defendants, jointly and severally, the sum of $42,929.00 for rent at the rate of $1,200.00 per month from August 2, 2012 to July 24, 2015." The trial court's order does not specifically address the Phillipses' asserted affirmative defenses. The Phillipses filed a timely notice of appeal.

## II. Issues Presented

The Phillipses present the following issues for our review, which we have restated slightly:

1. Whether the trial court erred by awarding fair market rental value for the subject real property to Mr. Munn, retroactive to the date of the foreclosure sale.

2. Whether the trial court erred by declining to find that Mr. Munn's claim was barred by the doctrine of *res judicata*.

## III. Standard of Review

Our review of the trial court's judgment following a non-jury trial is *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). We review questions of law *de novo* with no presumption of correctness. *See Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998)).

IV. Award of Fair Market Rental Value

The Phillipses assert that the trial court erred by awarding to Mr. Munn fair market rental value for the improved real property during the time when litigation was pending regarding his ownership. According to the Phillipses, Mr. Munn never demanded that they vacate the home, and they relied on his implied acquiescence in their possession of the home to their detriment.

The Phillipses attempt to rely on various long-standing Tennessee cases in support of their position, including *Pearson v. Gillenwaters*, 42 S.W. 9 (Tenn. 1897) and *Armstrong v. McClure*, 51 Tenn. 80 (1871). *Pearson* and *Armstrong* both involved circumstances wherein real property was sold at a judicial sale rather than through a foreclosure action. *See Pearson*, 42 S.W. at 11; *Armstrong*, 51 Tenn. at 83. In each case, the Supreme Court elucidated the general rule that a purchaser of land at a judicial sale is entitled to possession and/or rents only upon confirmation of the sale by the court. *Id*. The Court qualified this rule, however, by explaining its general application "if there can be nothing in the terms or decree of sale providing otherwise." *See Pearson*, 42 S.W. at 11; *see also Armstrong*, 51 Tenn. at 83 (stating that the purchaser is not entitled to rent before confirmation "if there is nothing in the terms of the sale, as contained in the decree which controls the question of rents.").

In the case at bar, Mr. Munn contends that the foreclosure sale and associated questions regarding possession and rent following the sale are governed by the terms of the Phillipses' deed of trust, which provides in pertinent part:

> If the Property is sold pursuant to this paragraph 19 [concerning acceleration and foreclosure sale in the event of default], Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay to the purchaser the reasonable rental value of the Property after sale.

Ergo, according to Mr. Munn, the Phillipses contractually agreed to immediately surrender the real property upon foreclosure sale or pay reasonable rent thereon upon signing the deed of trust. We agree.

As Mr. Munn notes, a similar provision in a deed of trust was upheld by our Supreme Court more than a century ago in *Griffith v. Brackman*, 37 S.W. 273, 274 (Tenn. 1896), wherein the purchaser acquired property through a foreclosure sale conducted

4

pursuant to a deed of trust, but the borrowers refused to vacate the premises. The borrowers' deed of trust provided:

> The said party of the first part further agrees that in case of any sale hereunder he will at once surrender possession of the said property, and will from that moment become and be the tenant at will of the purchaser, and removable by process as upon a forcible and unlawful detainer suit, hereby agreeing to pay the said purchaser the reasonable rental value of said premises after said sale.

*Id*. at 273.

> The Supreme Court explained that this provision would be upheld, stating:

> [The question] is whether or not a mortgagor in possession may not, in advance, contract with the trustee or mortgagee that in the event a foreclosure becomes necessary the relation of landlord and tenant shall thereby be created between the purchaser and the mortgagor, and upon default of the latter in surrendering possession of the premises he shall be removable by the writ of unlawful detainer. We are unable to perceive any sound reason why such a contract, made for the benefit of the purchaser, may not be enforced by him. It is objected that the action cannot be maintained for the reason that there was no entry of the premises after the purchaser acquired title. We think, in view of the contract embodied in the deed, establishing the relation of landlord and tenant between the mortgagor and the purchaser, there was a constructive entry that attached as soon as the purchaser acquired title. It is further objected that there is no provision in the contract reserving to the purchaser the right of re-entry in the event of a sale under the trust deed. We think this objection is met by the observations already made. The mortgagor expressly stipulated that if he refused to surrender possession he should be removable by the writ of unlawful detainer. In view of such a stipulation, it was not necessary that there should have been any express reservation of a formal right of re-entry.

*Id*. at 274.

Similar provisions have likewise been upheld by this Court in recent cases. *See BAC Home Loans Servicing v. Goodson*, No. M2014-02566-COA-R3-CV, 2016 WL 3752217, at *4 (July 6, 2016) (holding that a former owner could be subjected to an unlawful detainer action when she continued to possess real property in violation of her deed of trust, which required the former owner to immediately surrender possession of

the property following foreclosure or become a tenant at will of the purchaser); *see also Fed. Nat'l Mort. Assoc. v. Daniels*, 517 S.W.3d 706, 712 (Tenn. Ct. App. 2015) (enforcing a similar provision in an unlawful detainer action). Moreover, this Court has also expressly held that such a provision created the relationship of landlord and tenant between the purchaser at a foreclosure sale and the former owner holding over, such that the former owner was "under contract to pay rent for the use of the building" based on the express terms of the former owner's deed of trust. *See Allemannia Fire Ins. Co. v. York*, 65 S.W.2d 838, 840 (Tenn. Ct. App. 1932). Due to the similarity between the relevant provision contained in the subject deed of trust and the deed of trust provisions at issue in the above-referenced cases, we determine the Phillipses' reliance on cases involving a judicial sale to be unavailing.

In this matter, the Phillipses expressly agreed when they executed the deed of trust to "immediately surrender possession of the Property to the purchaser" at a foreclosure sale. Mr. Munn was that purchaser. The Phillipses further expressly agreed that should they not immediately surrender possession of the property, they would "be a tenant at will of the purchaser and hereby agree[] to pay to the purchaser the reasonable rental value of the Property after sale." Based on this enforceable contractual provision, we conclude that the trial court properly awarded Mr. Munn the fair market rental value of the real property from the Phillipses for the period following the foreclosure sale and continuing until their departure from the property. *See, e.g., Allemannia Fire Ins. Co.*, 65 S.W.3d at 840. We note, however, that any recovery by Mr. Munn in this action could be precluded by the potential applicability of a *res judicata* defense. We therefore address the *res judicata* doctrine in the following section of this opinion.

## V. *Res Judicata*

The Phillipses argue that Mr. Munn's initial lawsuit seeking specific performance of the sale of the home, wherein the Phillipses were among the named defendants, precludes his recovery in the instant action seeking fair market rental value of the real property because such claim could have been litigated in the first action but was not. It is noteworthy that in their answer filed in the trial court, the Phillipses stated as an affirmative defense that Mr. Munn had "waived seeking the relief requested by failing to seek it in the previous litigation." The Phillipses did not expressly utilize the term "*res judicata*" even though it is an affirmative defense that must be specifically pled pursuant to Tennessee Rule of Civil Procedure 8.03. *See Boyce v. LPP Mort. Ltd.*, 435 S.W.3d 758, 768 (Tenn. Ct. App. 2013).

Our thorough review of the record demonstrates that notwithstanding the lack of specificity of pleading, the trial court did question during oral argument whether Mr. Munn's claim for rent could have been instituted in the prior litigation. We recognize

6

that the court's grant of relief to Mr. Munn in its subsequent October 2016 order implies that the court rejected any affirmative defense. However, the court did not expressly rule on the issue of applicability of a *res judicata* defense or the elements thereof.

As our Supreme Court has elucidated regarding the defense of *res judicata*:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, <u>or could have been</u>, litigated in the former suit. It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits.

> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (emphasis added) (other internal citations omitted).

This Court has further explained:

> In order to succeed on a plea of *res judicata,* or estoppel by judgment, the party raising the defense must plead it, Tenn. R. Civ. P. 8.03, and must carry the burden of proving it. *Carter County v. Street*, 36 Tenn. App. 166, 252 S.W.2d 803 (1952). To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case. *American National Bank v. Bradford*, 28 Tenn. App. 239, 188 S.W.2d 971 (1945). If the record does not conclusively show that a particular matter was determined in the former proceeding, the party relying on *res judicata* as a defense must supplement the record by other proof. *Carter County v. Street*, 36 Tenn. App. 166, 252 S.W.2d 803 (1952). "Parol evidence is always admissible to show the fact, even if it appears prima facie that a question has been adjudicated, where the record

7

does not show that it was actually settled." *Fowlkes v. State*, 82 Tenn. (14 Lea) 14, 19 (1884); *see also Borches & Co. v. Arbuckle Bros.*, 111 Tenn. 498, 78 S.W. 266 (1903).

*Gregory v. Gregory*, 803 S.W.2d 242, 243-44 (Tenn. Ct. App. 1990). In addition, "[i]f there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment." *Id.* at 244. *See also Boyce*, 435 S.W.3d at 768.

The transcript from the September 6, 2016 hearing before the trial court reveals that although there was some discussion between the court and counsel for the parties regarding whether Mr. Munn's claim for rent could have been instituted in the prior Chancery Court litigation, there was no specific discussion of a *res judicata* defense or the elements required to be proven by the Phillipses in order to rely on such a defense. *See Jackson*, 387 S.W.3d at 491; *Gregory*, 803 S.W.2d at 243-44. Moreover, the trial court made no specific findings of fact or conclusions of law with regard to the applicability of the *res judicata* doctrine. We therefore conclude that it is necessary to remand this issue to the trial court for specific findings and conclusions regarding the potential applicability of a *res judicata* defense. *See, e.g., Taylor v. Cloud*, No. E2014-02223-COA-R3-CV, 2015 WL 4557328, at *6 (Tenn. Ct. App. July 29, 2015), *perm. app. denied* (Tenn. Nov. 25, 2015) (concluding that because the trial court had made no specific findings regarding whether an agreement between the parties was applicable or enforceable, the case would need to be remanded for findings regarding that issue); *In re Conservatorship for Ayers*, No. M2014-01522-COA-R3-CV, 2015 WL 3899406, at *4 (Tenn. Ct. App. June 24, 2015) ("Without sufficient findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision.") (quoting *Hardin v. Hardin,* No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012))); *Akridge v. Fathom, Inc.*, No. E2014-00711-COA-R9-CV, 2015 WL 97946, at *7 (Tenn. Ct. App. Jan. 7, 2015) (remanding the matter for a ruling on an issue upon which the trial court failed to make a determination). *See also Dorrier v. Dark,* 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . ."); *In re Estate of Boykin,* 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, 'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .'") (quoting *Dorrier*, 537 S.W.2d at 890).

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for specific findings of fact and conclusions of law with regard to the potential applicability of a *res judicata* defense. Costs on appeal are taxed one-half to

the appellants, Sandra M. Phillips and Danny Phillips, and one-half to the appellee, Frankie G. Munn.


_____
THOMAS R. FRIERSON, II, JUDGE