# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 21, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

RUTH S. STRZELECKI          )
(MCGRIFF)                   )
                            )
    Plaintiff/Appellee,     )    Appeal No.
                            )    M1999-00057-COA-R3-CV
VS.                         )
                            )    Davidson Circuit
ROY D. MCGRIFF,             )    No. 94D-4000
                            )
    Defendant/Appellant.    )


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE


PAUL G. SUMMERS
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
    Attorney for Appellee State of Tennessee

RANDLE W. HILL, JR.
Suite 310
222 Second Avenue North
Nashville, Tennessee 37201
    Attorney for Appellant


AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
CAIN, J.
COTTRELL, J.

**O P I N I O N**

This is an appeal from an order of the Fourth Circuit Court of Davidson County finding the appellant, Roy D. McGriff, in contempt of court for failure to meet his child support and alimony obligations and awarding a judgment of arrearages to the appellant's ex-wife, Ruth Strzelecki. We affirm the judgment below.

**I.**

The parties were divorced in October of 1995 in the Fourth Circuit Court of Davidson County. The final decree awarded custody of the parties' only child to the mother and ordered the appellant to pay child support and alimony. In 1998, the mother attempted to enforce the appellant's support obligations in the Rutherford County Circuit Court. In 1999, the mother filed a petition for criminal and/or civil contempt in the Fourth Circuit Court of Davidson County alleging that the appellant had failed to pay child support and alimony as ordered in the original divorce decree and as ordered by the Rutherford County Circuit Court.

The Fourth Circuit Court of Davidson County awarded to the mother a judgment of arrearages against the appellant for unpaid alimony in the amount of $7,200 and arrearages for unpaid child support in the amount of $13,695. After a hearing, the judge issued a subsequent order finding that the appellant had lived with the mother and child for a total of two months after the parties were divorced. The judge therefore reduced the amount of arrearages to

$6,800 and $13,180.54, respectively, but the judge found the appellant guilty of eighteen separate counts of contempt for failure to pay the court ordered alimony and child support and sentenced the appellant to serve ten days for each offense to be served consecutively.

## II.

The appellant now contends that the trial court erred in calculating the child support arrearages. According to appellant, the trial court should not have calculated the arrearage judgment from the date of the divorce. Instead, the trial court should have calculated child support arrearages due from the date of the last child support arrearage judgment awarded to the mother by the Rutherford County Circuit Court. The appellant argues that the judgment of the Rutherford County Circuit Court was res judicata as to any child support payments and arrearages owed prior to the date of that judgment.

We note that the alleged order of the Rutherford County Circuit Court is not included in the record on appeal. Without such order, we cannot be certain of the issues determined by that court. The law is well established that the party relying on res judicata has the burden of proving that the issue was actually litigated. *See Gregory v. Gregory*, 803 S.W.2d 242, 244 (Tenn. Ct. App. 1990). Where there is any uncertainty, the doctrine of res judicata does not apply. *See id.* As the appellant has failed to supplement the record with sufficient proof indicating which issues were determined at the former proceeding, the doctrine of res judicata is not applicable in the case at bar and the Fourth Circuit Court of Davidson County was not barred from deciding the issue

of arrearages due from the date of the final decree of divorce. *See Carter County v. Street*, 252 S.W.2d 803, 806 (Tenn. Ct. App. 1952).

## III.

The appellant further contends that the Fourth Circuit Court of Davidson County did not have jurisdiction over this cause to determine the issue of arrearages. The appellant argues that when the mother went to Rutherford County to enforce the child support and alimony decree of the Davidson County Court, the Davidson County Court lost jurisdiction over the case and could not modify the judgment of arrearages of the Rutherford County Court. However, as we have pointed out, there is no evidence in the record of a transfer of this cause to the Rutherford County Court pursuant to Tenn. Code Ann. §§ 36-5-3001 to --3008 (Supp. 1999). We also note that a support order may be transferred to another county for enforcement without a transfer of jurisdiction to modify the order. *See* Tenn. Code Ann. §§ 36-5-3101 to --3111 (Supp. 1999). It must follow that the court that issued the initial support order retains the power to enforce it.

## IV.

The appellant also contends that the trial court erred in finding him guilty of eighteen separate counts of criminal contempt and imposing consecutive sentences therefor. Appellant argues that the evidence was insufficient to support a finding of a willful violation of the court order as is required by Tenn. Code Ann. § 29-9-102(3). In support of this contention, the

appellant points to several witnesses' testimony as set out in the statement of the evidence. These witnesses testified that the appellant was living with the mother and child for approximately one year after the final divorce decree was issued. After that year, the appellant was incarcerated for a period of eighteen months. In addition, after he was released from confinement, the appellant had physical custody of the child for a period of three months. Appellant claims that, as a result of this evidence, he could not be found in wilful contempt of the trial court's child support and alimony orders during these periods of time and, therefore, there is not sufficient evidence to support a finding of eighteen separate counts of contempt.

The appellant was found guilty of criminal contempt. *See Storey v. Storey*, 835 S.W.2d 593, 599 (Tenn. Ct. App. 1992). A person convicted of criminal contempt loses his or her presumption of innocence and bears the burden of overcoming the presumption of guilt on appeal. *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). This Court does not reweigh the proof and a verdict of guilt will not be disturbed for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Black v. Blount*, 938 S.W.2d 394 (Tenn. 1996); *see also* Tenn. R. App. Pro. 13(e).

In this case, the trial court found that the appellant is able bodied, has the ability to pay his court ordered alimony and child support, is capable of earning enough money to pay such support, and willfully violated Tenn. Code Ann. § 29-9-101, et. seq. The only evidence in the record with regard to the

appellant's inability to pay the court ordered support is a statement of evidence filed by the appellant. According to the appellant's testimony, he was unable to find work and therefore could not pay the court ordered support. In contrast, the mother testified that the appellant stated that he was employed by at least two separate employers during two different time periods. Other than this testimony, the record is sparse with regard to the appellant's inability to procure work or his employment history during the relevant time period. Due to the incomplete state of the record, the lack of a transcript of any proceedings, and the appellant's failure to illustrate why the evidence is insufficient to support his conviction, we affirm the trial court's order finding the appellant guilty of criminal contempt.

With respect to the the trial court's finding of eighteen separate counts of contempt, the court found that the appellant lived with the mother for only two months after the divorce became final and that he had failed to make significant contributions to the support of the mother or the child since the divorce. As the evidence in the record fails to preponderate against these factual findings, we will presume they are correct. *See* Tenn. R. App. Pro. 13(d). The parties were divorced in 1995 and payments of support were to begin on October 1, 1995. The statement of the evidence indicates that the appellant failed to make any support payments from October of 1995 until October of 1996. Although the appellant was incarcerated from October of 1996 until February of 1998, he failed to make any support payments from February of 1998 to May of 1998 and September of 1998 through December of 1998. In light of the foregoing, the trial court had more than sufficient grounds upon which to base a finding of eighteen separate counts of contempt.

The appellant next contends that the trial court erred in ordering his sentences for each contempt conviction be served consecutively for an effective sentence of 180 days. When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this Court to conduct a de novo review with a presumption that the determinations made by the trial judge are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appellant to show the impropriety of the trial court's sentence. Tenn. Code Ann. § 40-35–401 Sentencing Commission Comments.

In the case at bar, the appellant was found guilty of eighteen separate counts of contempt. Therefore, the trial court had the power to imprison the appellant for ten days and/or fine the appellant fifty dollars on each count. *See Thigpen v. Thigpen*, 874 S.W.2d at 53; Tenn. Code Ann. §§ 29-9-102(3), -103. With regard to consecutive sentencing, Tenn. Code Ann. § 40-35-115(b)(7) allows a trial court to impose consecutive sentences where the appellant is being sentenced for criminal contempt. Furthermore, the matter of determining the punishment for contempt is within the sound discretion of the trial court and will not be disturbed absent plain abuse of that discretion. *See Robinson v. Air Draulics Engineering Co.*, 377 S.W.2d 908, 912 (Tenn. 1964); *see also Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993). Based on the record before us, we

cannot conclude that the trial court abused its discretion in ordering the appellant to serve his sentences consecutively.

## VI.

As his final issue, the appellant contends that the trial court erred in not giving him credit toward his support payments for the period of time he lived with the mother and child after the divorce. However, the trial court made a factual finding that the appellant only lived with the mother and child for a two month period after the divorce. The findings of fact made by the trial court are presumed correct on appeal unless the evidence preponderates otherwise. Tenn. R. App. Pro. 13(d). The appellant has not pointed out how the evidence preponderates against the trial court's finding. Therefore, the trial court correctly gave the appellant only two months of credit toward his support obligations.

Accordingly, the decision of the trial court is affirmed. Tax the costs on appeal to the appellant, Roy D. McGriff. Remand the case to the Circuit Court of Davidson County for any further proceedings that may become necessary.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE