IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2002 Session

## DONNA MANCUSO-BERTONE v. MICHAEL E. BRASWELL

Appeal from the Circuit Court for Wilson County
No. 02-11490    Clara Byrd, Judge

No. M2002-00025-COA-R3-CV - Filed February 6, 2003

The mother of a fourteen year old male child appeals the action of the trial judge in denying her Petition for a change of custody. The trial court found that no material change of circumstances had been established by the evidence that would justify change of custody. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and Thomas W. GRAHAM, SP. J., joined.

Jon S. Jablonski, Nashville, Tennessee, for the appellant, Donna Mancuso-Bertone.

Jessica Dawn Dugger, Lebanon, Tennessee, for the appellee, Michael A. Braswell.

### OPINION

This divorce and custody litigation began in Wilson County, Tennessee, then continued in the Court of Common Pleas of Northumberland County, Pennsylvania, and now continues in the Circuit Court of Wilson County, Tennessee. From the beginning, the parties have been unable to agree on anything with the result being that three separate trial courts have been compelled to spell out, in meticulous detail, the custody and visitation rights and obligations of these parents.

The parties are parents of Steven Braswell, now fourteen years of age, and were divorced by Order of the Circuit Court of Williamson County, Tennessee in March 1992. On August 3, 1993, following a Petition by Donna Braswell (Rogers) to move to Pennsylvania with Steven Braswell and a Counter-Petition by Michael Allen Braswell for change of custody, the Circuit Court of Williamson County, Tennessee, adopted an agreement of the parties whereby the mother retained custody of Steven and was allowed to remove the child to Pennsylvania subject to extensive visitation privileges spelled out in the Order. This Order was not entered of record until December 10, 1993.

Thereafter, extensive litigation between the parties occurred before the Court of Common Pleas of Northumberland County, Pennsylvania, resulting in a final Order of that court entered July 5, 2000, by Judge Barry F. Feudale, Senior Judge, together with a Supplemental Order of November 29, 2000, transferring the case to Wilson County, Tennessee. These two orders provide:

## FINAL ORDER OF COURT

AND NOW, this *5th* day of July, 2000, after hearing the testimony provided and in consideration of the stipulation that Father would have primary physical custody of Steven M. Braswell, born January 29, 1988, we enter the following Final and Comprehensive Custody Order of Court:

1. The Father, Michael Braswell, shall have primary physical custody of Steven, with the Mother, Donna Mancuso, having partial custody as outline in the following paragraphs:

2. Exclusive of the Christmas and spring break, and summer school recess, partial custody shall be given to the Mother one full weekend the second weekend of every month. Steven shall be made available to be placed on the first available flight on Fridays from 2:00 p.m. and shall be returned on the last arrival at the airport no later than 9:00 p.m. In the event there is a school holiday on the Friday or Monday of the assigned weekend Mother will be allowed to have extended weekend partial custody on said weekend with the same departure and return times being applicable.

3. Mother shall be responsible for the costs of said airline transportation and Father shall insure that Steven is made available for said flights.

4. Mother shall have Steven during the summer school recess no later than five (5) days after school is completed and shall return Steven to his Father no later than seven (7) days prior to school resuming. Father and/or the school district that Steven is attending shall provide Mother with a copy of the school calendar as soon as such is available. The costs of the flight during the summer school recess shall be borne by the Mother for Steven's flight to Pennsylvania and by Father for the return trip with each parent being responsible for making the respective flight arrangements.

5. Mother shall have partial custody of Steven every Christmas from either December 20-26 or December 26-31, with Mother having the Christmas Eve period on odd years. Costs of the flights and

arrangements will be shared by the parents as set forth in paragraph four (4).

6. Mother shall have the right to spend five full days with Steven during the Easter/spring break period of school recess. Said is contingent on Mother traveling to Tennessee to spend time with Steven although Mother may make special trips with Steven (i.e. travel to Florida, Disney Word etc.) Costs of same will be borne by Mother.

7. Mother shall be allowed regular telephone contact with Steven which expense shall be her responsibility. Father shall be responsible for the cost of initiating and paying for one telephone call a week with said call not to exceed five (5) minutes. Said call shall be initiated every Tuesday of each week except during Mother's periods of partial custody. Also Father shall be responsible for facilitating internet E-mail access in his home so Mother and son can communicate on a regular basis.

8. Father and Mother shall have shared legal custody which means they each shall communicate regarding major decisions involving education, medical and religious issues. Also, such shared legal custody means that educational and medical service providers should provide access to both parents to documents and information regarding Steven in accordance with their own reasonable policies and procedures. Both parents shall advise the other parent when the child is scheduled for any pre-arranged medical service and if such is an emergency as soon as practicable thereafter.

9. Neither parent shall make derogatory comments about the other in the presence of the child and shall instruct others to refrain from making such comments in the child's presence.

10. This is a Final Custody Order of Court and will be subject to review in accordance with the applicable state statutory and case law and the uniform Child Custody Jurisdiction Act.

<u>ORDER</u>

AND NOW, this 29th day of November, 2000, after Record Argument held on this date, the Petition of the mother Donna Mancuso, for Recusal, a second request for a Stay of Proceedings, and Request for Rehearing, which was filed November 28, 2000 is hereby DENIED.

IT IS FURTHER ORDERED that Donna Mancuso's Emergency Petition for Modification of Custody and Appointment of a Guardian Ad Litem is DENIED.

The Order of Court dated December 5, 2000 scheduling a Hearing Officer's Conference on Donna Mancuso's Petition for Modification of Custody is VACATED. Pursuant to 23 Pa.C.S.A. § 5348, the father Michael Braswell's request this Court relinquish jurisdiction to Tennessee is hereby GRANTED.

The Northumberland County Court Administrator shall transmit this and the Order of July 5, 2000, as well as Defendant's Hearing Memorandum,[1] which sets forth the case's Procedural History, to the appropriate Court of Jurisdiction in Hermitage, Tennessee.


On May 16, 2001, Donna Mancuso-Bertone, "Mother," filed a Petition against Michael A. Braswell, "Father," in the Circuit Court for Wilson County, Tennessee, making extensive factual allegations and seeking a change of custody of Steven together with attorney's fees and costs. On June 27, 2001, Father filed a fifteen page Answer and Counter-Petition denying essentially the factual allegations of the Petition and asserting that Mother was in contempt of the July 5 Order of the Court of Common Pleas of Northumberland County, Pennsylvania.

The factual assertions of this May 16, 2001 Petition, the denials of such assertions in the June 27 Answer of the Father, together with the factual allegations of his simultaneous Counter-Petition

---

[1]

Simply stated, the child has lived Primarily with his father in Tennessee since our Order of Court dated June 11, 1999. On July 5, 2000, we entered an Order of Court, which was reached pursuant to a Stipulation of the parties that the father would have Primary Custody of Steven Braswell (d.o.b. 1/29/88). Mother now alleges she never agreed to any such Stipulation. Mother, whose credibility and undue influence on her son have been sorely tested during these Proceedings (See transcript of Proceedings held on June 29, 2000 and February 17, 2000) will say or do anything to put the child's father, this Court, and today even her former counsel in a bad light. Today she boldly asserted her last of 4 or 5 attorneys since 1997 was ineffective and blatantly denies the July 5, 2000 Order, as to father having primary custody, was consensual. Aside from the fact the Order reflects the Order was "in consideration of the Stipulation that the father would have primary physical custody of Steven" we reference the Transcript of June 29, 2000 pg. 27, L. 10-20, pg. 28, L. 1-15, pg. 32, L. 20-24 and pg. 64, L. 20-24 ("You[r] Honor, my client today made a significant concession declining to pursue her Primary Custody"). Despite clear and unequivocal evidence that reflects both knowledge and voluntariness of the Stipulation the mother today boldly asserts the contrary. As to her assertions about this Court and Request for Recusal as set forth in her Motion, as we stated at the hearing, the transfer to Tennessee will de facto accomplish the same. In any event, there are no exigent circumstances or any other assertions set forth in mother's requests to Modify, that justify this Court's intervention and we are satisfied that the Courts in Tennessee, where the child has lived and attended school for the last 1 ½ years and where mother, father and child lived for several years (and where the Tennessee Court as recently as August 1993 entered a Custody Order) are the more appropriate and convenient forum.

and the denial by the Mother of such factual allegations provided the issues upon which the August 7, 2001 hearing was held before the Circuit Court of Wilson County, Tennessee. On September 18, 2001, the Circuit Court of Wilson County, Tennessee entered an Order denying the Petition for Change of Custody, and, after the subsequent denial of Her Motion to Alter or Amend, Mother timely appealed. Appellant/Mother asserts on appeal that the evidence preponderates against the judgment of the trial court as to change of circumstances and that the trial court erred in modifying the Pennsylvania Order relative to visitation.

The July 5, 2000 judgment of the Court of Common Pleas of Northumberland County, Pennsylvania is *res judicata* as to every fact actually litigated or which might have been litigated prior to its entry.

> The doctrine of *res judicata* bars a second suit between the same parties on the same cause of action with respect to all issues which were or could have been brought in the former suit. *Massengill v. Scott*, Tenn.1987, 738 S.W.2d 629; *Stacks v. Saunders*, Tenn.App.1990, 812 S.W.2d 587.
> Judgment in a former action concludes not only facts actually litigated, but facts which might have been litigated. *Gregory v. Gregory*, Tenn.App.1990, 803 S.W.2d 242.

*Wall v. Wall*, 907 S.W.2d 829, 832 (Tenn. Ct. App. 1995).

This Court has held, relying on a decision of the Maryland Court of Appeals, that:

> The custody of children should not be disturbed unless there is some strong reason affecting the welfare of the child. To justify a change of custody, the change in conditions must have occurred which affects the welfare of the child and not that of the parents. The reason for this rule is that the stability provided by the continuation of a successful relationship with a parent who has been in day to day contact with a child generally far outweighs any alleged advantage which might accrue to the child as a result of custodial change. In short, when all goes well with children, stability, not change, is in their best interest.

*Contreras v. Ward*, 831 S.W.2d 288, 290 (Tenn. Ct. App. 1991) (citing *Sartoph v. Sartoph*, 354 A.2d 467, 473 (Md. Ct. App. 1976)).

Before a trial court is justified in changing custody of a child, it must be satisfied that such change is required in order to prevent substantial harm to the child.

> When two people join in conceiving a child, they select that child's natural parents. When they decide to separate and divorce, they give up the privilege of jointly rearing the child, and the divorce court must decide which parent will have primary responsibility for rearing the child. This decision of the Court is not

changeable except for "change of circumstances" which is defined as that which requires a change to prevent substantial harm to the child. Custody is not changed for the welfare or pleasure of either parent or to punish either parent, but to preserve the welfare of the child. Custody is not changed because one parent is able to furnish a more commodious or pleasant environment than the other, but where continuation of the adjudicated custody will substantially harm the child. *Contreras v. Ward*, Tenn.App.1991, 831 S.W.2d 288.

*Wall*, 907 S.W.2d at 834.

This case revolves almost exclusively around disputed issues of fact. It is reviewed on appeal, *de novo*, with the findings of fact made by the trial court being presumed to be correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). It is well settled that in cases tried without the intervention of a jury, the judgment of the trial judge as to the credibility of witnesses is accorded great weight on appeal. After all, the trial judge has the opportunity to observe the manner and demeanor of witnesses as they testify, while this Court is limited to a written transcript of the testimony. *Koch v. Koch*, 874 S.W.2d 571 (Tenn. Ct. App. 1993); *Doe A. v. Coffee County Bd. of Educ.*, 925 S.W.2d 534 (Tenn. Ct. App. 1996).

Judged by these standards, the evidence offered by Appellant in support of her petition to change custody falls far short of that necessary to overturn the judgment of the trial court. Practically nothing of significance is disclosed by the record to have occurred since July 5, 2000, which could form a basis for change of custody. Appellant claims that Steven's stepbrother has an out of wedlock child that stays in the home of Appellee. She further claims that Mt. Juliet Christian Academy, where Steven has attended for two years, is an inadequate school; that Steven has a learning disability and is afflicted with Attention Deficit Hyperactive Disorder; that he is allowed by Appellee to play in the school band and to play football; that Appellee has to help him with his homework. Appellee denies that Steven's alleged A.D.H.D. is not being adequately treated; denies that Mt. Juliet Christian Academy is an inferior school; admits to the band and football activities; and admits that he helps Steven with his homework. The trial court heard extensive evidence on these factual issues, just as Judge Barry F. Feudale had done prior to the July 5, 2000 Order in Pennsylvania.

In *Wall*, after review of the record, this Court held:

After hearing conflicting testimony and resolving issues of credibility, the Trial Judge has determined that continuance of court-ordered custody will not substantially harm the child. The evidence does not preponderate against this conclusion, and indeed it supports this conclusion.

*Wall*, 907 S.W.2d at 834. Exactly the same is true in this case and we will not disturb the judgment of the trial court.

Appellant complains that the trial court improperly altered the Pennsylvania Order relative to visitation. She is hardly in a position to complain of this change, as the adjustments made by the trial judge in the visitation schedule are within the rather broad scope of the issues drawn in the Petition for Change of Custody and the Cross-Petition filed by Appellee. Certainly the evidence does not preponderate against the action of the trial court.

The judgment of the trial court is in all respects affirmed.

_____
WILLIAM B. CAIN, JUDGE