IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2019 Session

**JOHN W. HARRIS JR v. ROBIN L. STEWARD**

**Appeal from the Circuit Court for Shelby County**
**No. CT-000538-17  James F. Russell, Judge**

————————————————————

**No. W2019-00231-COA-R3-CV**

————————————————————

This appeal arises from Appellant's lawsuit against his former attorney, Appellee, for breach of contract, unjust enrichment, and double billing.  The trial court dismissed Appellant's lawsuit on its finding that his claims were barred by *res judicata* and collateral estoppel.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

John W. Harris, Jr., Oakland, Tennessee, appellant, pro se.

Robin L. Steward, Memphis, Tennessee, appellee, pro se.

**OPINION**

**I. Background**

Appellant John Harris hired Appellee Robin Steward, a licensed Tennessee attorney, to represent him in a quiet title and partition action.  On or about June 10, 2013, the parties entered into a contract, which provided, *inter alia*, that Mr. Harris would pay an initial retainer of $3,500 to be used against Ms. Steward's hourly rate of $210 plus expenses.  By letter of July 25, 2013, Ms. Steward outlined and clarified the parties' agreement, including payment of attorney's fees from the common fund in the probate matter.  The specifics of that letter are discussed in greater detail below.  It is undisputed that, during the pendency of the probate matter, Mr. Harris paid Ms. Steward $14,653.00 in fees and $2,500.00 in expenses.

Following the sale of the property that was the subject of the partition action, the attorneys, who represented the various heirs, filed to collect their respective fees from the common fund established from the proceeds of the sale. In Ms. Steward's case, she requested fees and expenses totaling $49,245.00. The probate court considered the attorneys' respective requests for fees. In its order of June 3, 2016, the probate court noted that it had received fee requests totaling $120,725.00 and that it had a total of $124,000.00 in the common fund (and over 100 heirs). Accordingly, the probate court awarded each attorney approximately one-half of his or her requested fees. Ms. Steward was awarded $23,408.37. The probate court further addressed the reasonableness of the fees requested by the various attorneys. As to Ms. Steward's fees, the probate court held that

> There is no question that . . . Robin L. Steward is entitled to a fee based on the common fund theory. Her work to bring this matter forward benefited all of the heirs of the property. . . . This Court does not dispute the hours these attorneys have recorded in this case . . . .

Neither Mr. Harris nor Ms. Steward appealed the June 3, 2016 order.

Thereafter, Ms. Steward petitioned the probate court for an attorney's lien, seeking to collect the portion of her $49,245.00 in fees and expenses that was not paid from the common fund or from Mr. Harris. As discussed in detail below, Mr. Harris opposed Ms. Steward's lien and filed a "Motion to Withhold Attorney Fees" in the probate court. Therein, Mr. Harris averred that he had paid Ms. Steward $14,653.00 in fees and $2,500 in expenses and sought reimbursement of these payments. On September 29, 2016, the probate court issued an order denying Ms. Steward's petition for attorney's lien. Although it denied her lien, the trial court did not disturb its previous judgment for $23,408.37 in attorney's fees from the common fund, nor did the trial court disturb the $17,153.00 that Mr. Harris paid Ms. Steward during the pendency of the probate matter. In its order, the probate court reiterated its previous finding (in the June 3, 2016 order) that the attorney fees requested in the partition action were, in fact, reasonable. Specifically, the probate court stated that:

> In considering the respective attorney fee petitions, the Court was guided by Supreme Court Rule 8, RPC 1.5 as to the determination of a reasonable attorney fee for each attorney and in this respect the Court, among other things, reviewed the manner in which the case was litigated, the complexity of the case, and the ultimate benefit inuring to the clients . . . .
>
> After having reviewed the attorney fee petition requests, pursuant to RPC 1.5 the Court determined the reasonable fee due each attorney for legal work performed on this matter . . . .

Neither party appealed the September 29, 2016 order.

On December 18, 2016, Mr. Harris filed suit against Ms. Steward in the General Sessions Court of Shelby County alleging "breach of contract, unjust enrichment, double billing, in the amount of $21,720.00 cash dollars." By order of January 19, 2017, the general sessions court dismissed the case "due to res judicata and collateral estoppel." Mr. Harris filed a timely appeal to the Shelby County Circuit Court ("trial court").

On January 2, 2018, Ms. Steward filed an answer in the trial court. On January 10, 2018, Ms. Steward filed a motion to dismiss the case on grounds of *res judicata* and collateral estoppel. Following a hearing, the trial court granted Ms. Steward's motion to dismiss by order of January 17, 2019. Mr. Harris appeals.

## II. Issues

Mr. Harris raises two issues:

1. Whether the trial court erred in dismissing Appellant's claims against Appellee, for a refund of attorney fees and litigation expenses (arising from Steward's representation of Appellant in a probate matter), on the ground that these claims are barred by the doctrines of res judicata and collateral estoppel.
2. Whether the contingency fee agreement between the parties was unreasonable, pursuant to Tenn. Sup. Ct. Rule 8, RPC 1.5; if so, whether Appellant may recover fees paid in excess of reasonable attorney's fees.

In the posture of Appellee, Ms. Steward asks for her attorney's fees and costs on the ground of frivolous appeal.

## III. Standard of Review

At the outset, we note that while we are cognizant of the fact that Appellant is self-represented in this case, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As we have explained,

[p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

Here, the trial court granted Ms. Steward's motion to dismiss on the ground that Mr. Harris' lawsuit is barred by *res judicata* and collateral estoppel. "A trial court's decision that a claim is barred by the doctrine of *res judicata* or claim preclusion involves a question of law which will be reviewed *de novo* on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

## IV. Analysis

"The doctrine of *res judicata* or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d at 491. *Res judicata* is an affirmative defense that a defendant must ordinarily raise in his or her answer. *Id.* (citing Tenn. R. Civ. P. 8.03). However, a Rule 12.02(6) motion may "be used as a vehicle to assert an affirmative defense, [if] the applicability of the defense . . . 'clearly and unequivocally appear[s] on the face of the complaint.'" *Id*. at 491-92 (quoting *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 404 (Tenn. 2002)). Thus, to successfully assert the defense of *res judicata* in a Rule 12.02(6) motion, the defendant must show that the plaintiff's own allegations "clearly and unequivocally" establish the following elements: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same claim or cause of action was asserted in both suits; and (4) that the underlying judgment was final and on the merits. *Id*. (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). As this Court has explained,

> [i]n order to succeed on a plea of res judicata, or estoppel by judgment, the party raising the defense . . . must carry the burden of proving it. *Carter County v. Street*, 36 Tenn. App. 166, 252 S.W.2d 803 (1952). To carry that burden, the party raising the defense must generally put in evidence the record or a copy of the record of the former case. *American National Bank v. Bradford*, 28 Tenn. App. 239, 188 S.W.2d 971 (1945). If the record does not conclusively show that a particular matter was determined in the former proceeding, the party relying on *res judicata* as a defense must supplement the record by other proof. *Carter County v. Street*, 36 Tenn. App. 166, 252 S.W.2d 803 (1952). "Parol evidence is always admissible to show the fact, even if it appears prima facie that a question has been adjudicated, where the record does not show that it was actually settled." *Fowlkes v. State*, 82 Tenn. (14 Lea) 14, 19 (1884); *see also Borches & Co. v. Arbuckle Bros.*, 111 Tenn. 498, 78 S.W. 266 (1903).

***Gregory v. Gregory***, 803 S.W.2d 242, 243-44 (Tenn. Ct. App. 1990). In addition, "[i]f there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment." ***Id***. at 244 (citing ***Bagwell v. Bagwell***, 153 Fla. 471, 14 So.2d 841, 843 (1943)).

Generally, *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. ***State v. Thompson***, 285 S.W.3d 840, 848 (Tenn. 2009) (citing ***Massengill v. Scott***, 738 S.W.2d 629 (Tenn.1987)). "In the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of *res judicata* (also known as claim preclusion)." ***Id.*** (citing ***Massengill***, 738 S.W.2d at 631-32). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. ***Id.*** The party invoking the doctrine of collateral estoppel must demonstrate that: (1) the issue sought to be precluded is identical to the issue decided in the earlier suit; (2) the issue sought to be precluded was actually litigated and decided on the merits in the earlier suit; (3) the judgment in the earlier suit has become final; (4) the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the new issue now sought to be precluded. ***Beaty v. McGraw***, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998) (internal citations omitted).

Mr. Harris brought his general sessions lawsuit on averments of "breach of contract, unjust enrichment, double billing, in the amount of $21,720.00." In his second appellate issue, *supra*, Mr. Harris also argues that the total fees Ms. Steward billed were "unreasonable[] pursuant to Tenn. Sup. Ct. Rule 8, RPC 1.5." As noted above, in its order of June 6, 2016, the probate court awarded Ms. Harris $23,408.37 of the $49,245.00 in attorney's fees and expenses she requested. Furthermore, in its June 3, 2016 order, the probate court held that it did not dispute the hours Ms. Steward billed. Neither party appealed this order. It is undisputed that during the pendency of the probate matter, Mr. Harris paid Ms. Steward an additional $14,653.00 in fees and $2,500.00 in expenses under the contract. After the probate court awarded Ms. Steward $23,408.37, to recover the balance remaining on the $49,245.00 in fees and costs, she sought a lien in the probate court against any proceeds due to Mr. Harris from the common fund. In response to Ms. Steward's request for an attorney's lien, on or about July 28, 2016, Mr. Harris filed a "Motion to Withhold Attorney Fees" in the probate court. Therein, he argued, in relevant part, that:

> 2. Attorney Stewar[d] is demanding that [Mr. Harris] pay her the difference between the court ordered amount of [$23,408.37] and the amount of $49,245.00 that she petitioned the court for in her petition for

attorney fees.

3. [Mr. Harris] has paid [Ms. Steward] at least $14,653.00 in attorney fees and at least $2,500 in expenses in this case.

4. That a hearing be had to determine how much should be awarded to [Ms. Steward] and how much should be paid to [Mr. Harris] by the probate court clerk.

5. That the court issue an order to the clerk requiring reimbursement of fees paid by [Mr. Harris] . . . to [Ms. Steward] from the amount awarded to [Ms. Steward].

In his motion, Mr. Harris clearly asks the probate court to review the reasonableness of Ms. Steward's entire fee of $49,245.00. He brings to the court's attention the fact that he paid Ms. Steward an additional $17,153.00 in fees and expenses. Finally, Mr. Harris asks the probate court to reimburse him at least a portion of the $17,153.00 from the $23,408.37 awarded to Ms. Steward from the common fund.

Concurrent with his motion to withhold attorney's fees, Mr. Harris filed, in the probate court, a document titled "Plaintiff's Pro Se Objection to Plaintiff's Attorney's Supplemental Petition for Attorney Fees," wherein he states, in relevant part:

COMES NOW THE PLAINTIFF, John W. Harris, Jr. . . . and [moves] the Court for an order denying Plaintiff['s] Attorney Robin Steward's motion for the amount of attorney fees $41,245.

1. The Court has ruled in a previous order dated June 3, 2016 that Steward's fee should be $20,795 plus $2,613.12 in expenses.

2. Plaintiff John Harris has already paid Steward over $13,000 in attorney fees and over $2,500 in expenses . . . which means that Steward is guilty of double billing by wanting to keep the money already paid by plaintiff . . . plus $20,795 and expenses awarded by the Court in this cause.

3. In asking the Court to allow Ms. Steward to go after the $49,245 is vindictive, retaliatory and unjust enrichment . . . .

4. The fact that Ms. Steward never once sent Harris a time sheet or a bill indicating how much her fee would be creates an opportunity for adjusting time to fit the desired effect of unjust enrichment.

5. I, John Harris never imagined that Ms. Steward's time sheet was as represented to the Court in her petition for attorney fees. If I had known that her time would not be covered by the common fund as in other partition cases, I would have terminated our relationship earlier in the case.

6. I was told by Ms. Steward that most of the information and time needed had been spent when I paid her the payment amounting to $12,000 . . . .

7. I have always been lead to believe by the petitioner Ms. Steward that the doctrine of the common fund would be applied in this case . . . as indicated

in the letter to Harris, dated July 25, 2013 also included in that letter Steward cited TCA 29-27-121, which states attorney fees can be paid out of the common fund . . . .

8. Petitioner Steward stated in the same letter "It is my firm belief that the Judge will in fact allow you to be reimbursed for monies expended for my attorney fees and expenses, but it must be clear between the two of us, it is your place to pay me as I work on this matter. Any monies awarded by the judge for services would be reimbursed to you."

9. Steward failed to ask the Court as promised in that letter to ask the Court to reimburse me for the attorney fees and expenses paid by me, which is a breach of contract. Instead of asking that I be reimbursed, she asked the Court to award her $49,215 without any mention of the fact that she has already been paid by me at least $13,000. Now she is asking the Court to award her $20,795.25 plus the amount already paid by me plus asking me to pay the difference up to $41,245.

As noted above, the July 25, 2013 letter, which Mr. Harris references in the above filing, was sent from Ms. Steward to Mr. Harris. The letter states, in relevant part:

Our agreement . . . was for payment of an initial retainer of $3,500 to be charged against at the rate of $210 per hour plus reasonable and necessary litigation expenses. You and I agreed that you would do as much of the leg work as possible and that, in truth, most of the time expended would be in the beginning when we are trying to determine the heirs and their percentages, and filing the partition suit itself. At the time you retained me, you asked me if you would be reimbursed the monies paid to me out of the sales price for the property. I told you that I believed you would because the sale of the property benefited all of the heirs . . . .

\*\*\*

As [of] right now you, and only you, are responsible for my attorney fee and expenses because you, and only you, are currently my client. When the time comes, which is when the property is sold and the proceeds are paid into court, we can formally ask the court that you be reimbursed out of the "common fund" those expenses which you have incurred in moving this partition action forward, my fees and expenses, as well as your own expenses.

\*\*\*

At this point, what I need to make clear to you is that this two acre tract has [] many heirs . . . . The fact that it is such a small amount of land

doesn't detract from what has to be done to clear title and sell the property. It is my firm belief that the judge will in fact allow you to be reimbursed for monies expended for my attorney fees and expenses but, it must be clear between the two of us, it is your place to pay me as I work on this matter. Any monies awarded by the judge for my services would be reimbursed to you. If there is a difference between what the court orders, and what I have been paid, and I have no reason to belief sic] there will be, you would still be responsible for any difference.

The letter was signed by Ms. Steward and was acknowledged by Mr. Harris, by his signature, on July 27, 2013.

Based on the July 25, 2013 letter, Mr. Harris' motion asked the probate court for the following relief:

1. The Court reimburse Harris his expenditures for attorney fees of $13,000 and $3,500 in expenses.

***

3. That any amount above the awarded amount in the June 3, 2016 ruling would be unjust and unreasonable enrichment.
4. That Steward's failure to ask the Court to award Harris his expenditures in the case is a breach of the contract, a failure to act in the best interest of her client Harris.
5. That Steward's action be ruled an act of double billing.

Along with his motion, Mr. Harris filed a "fee affidavit" seeking reimbursement of the following expenditures: (1) "Attorney Fees Paid to Robin Steward $14,653;" and (2) "Court Reporter, Postage and miscellaneous fees $3,240."

All of the foregoing filings, as well as Ms. Steward's petition for lien, were before the trial court for hearing on August 12 and September 8, 2016. In its September 29, 2016 order, the trial court notes that it was in possession of the following proof: (1) Fee Agreement dated June 10, 2013 by and between Ms. Steward and Mr. Harris; (2) [letter] from Robin Steward to John Harris dated July 25, 2013, *supra*; (3) Receipt for payment of legal fees from Mr. Harris to Ms. Steward. The trial court's order also states that Mr. Harris testified at the hearing (our record does not contain this portion of the hearing transcript). The order further states that, "[a]fter the conclusion of the hearing, the Court also considered the argument of Petitioner and counsel for the Respondent," and "consider[ed] the merits of the petition. . . ."

Based on the foregoing evidence, the trial court affirmed its previous award of $23,408.37 pursuant to its June 3, 2016 order. Specifically, the September 29, 2016 order states that, "[a]fter having reviewed the attorney fee petition requests . . . the Court determined the reasonable fee due to each attorney for legal work performed on this matter, and entered the Order that the reasonable fee due attorney Robin L. Steward totaled $20,795.25 plus $3,190.94 in expenses." The probate court further held that, "[T]his Court will not disturb or change any fees previously paid by Mr. Harris to Ms. Steward," but denied Ms. Steward any other fees from the common fund. Neither party appealed the September 29, 2016 order.

As found by the trial court, the breach of contract and unjust enrichment claims Mr. Harris brought in the trial court are barred as *res judicata*. Likewise, Mr. Harris' objection to the reasonableness of fees Ms. Steward billed in the probate court is barred as *res judicata.* Mr. Harris clearly raised his claims of "double billing," "unjust enrichment" in the probate court. As set out in context above, Mr. Harris' "Pro Se Objection to Plaintiff's Attorney's Supplemental Petition for Attorney Fees," specifically asserts that: (1) "Plaintiff John Harris has already paid Steward over $13,000 in attorney fees and over $2,500 in expenses . . . **which means that Steward is guilty of double billing** by wanting to keep the money already paid by plaintiff . . . plus $20,795 and expenses awarded by the Court in this cause;" and (2) "In asking the Court to allow Ms. Steward to go after the $49,245 is vindictive, retaliatory and **unjust enrichment** . . . ." (Emphases added). By his filings in the probate court, Mr. Harris also raised a claim for breach of contract. The basis of Mr. Harris' breach of contract claim rests, in part, on the July 25, 2013 letter from Ms. Steward to Mr. Harris. Mr. Harris contends that, in the letter, Ms. Steward promised to seek reimbursement of his out-of-pocket payments through the common fund and assured him that "[a]ny monies awarded by the judge for my services would be reimbursed to you." Mr. Harris claims that Ms. Steward "failed to ask the Court[,] as promised in that letter[,] . . . to reimburse me for the attorney fees and expenses paid by me, which is a breach of contract." Mr. Harris explains that, "[i]nstead of asking that I be reimbursed, she asked the Court to award her $49,215 without any mention of the fact that she has already been paid by me at least $13,000."

All of the foregoing claims were before the probate court at the hearing on Ms. Steward's petition for attorney's lien. Furthermore, prior to the probate court's entry of its first order on attorney fees, i.e., June 3, 2016, Mr. Harris knew the full amount of Ms. Steward's billing (i.e., $49,245.00). Thus, he was in possession of sufficient facts and information to assert that the total bill Ms. Steward submitted was unreasonable. However, even if we allow, *arguendo*, that the probate court's June 3, 2016 order is unclear as to whether the "reasonable" fee due Ms. Steward was her full bill of $49,245.00 or the $23,408.37 awarded, in its September 29, 2016 order, the probate court reiterated its finding that the determination of a reasonable fee award for each attorney was based on the funds available in the common fund. In this same order, the probate court denied Mr. Harris' request for reimbursement of amounts he paid to Ms. Steward

- 9 -

over and above the $23,408.37 she received from the common fund. Mr. Harris did not appeal this order.

As set out in its September 29, 2016 order, the probate court considered: (1) the July 25, 2013 letter (which forms the basis of Mr. Harris' breach of contract claim); (2) the fee agreement by and between the parties (which forms the basis of Mr. Harris' unreasonable fee argument); and (3) the receipts for Mr. Harris' payments to Ms. Steward during the pendency of the probate matter (which payments form the basis of Mr. Steward's unjust enrichment and double billing claims). The probate court also considered Mr. Harris' arguments as set out in his filings in the probate court, *supra*, and in his testimony at the hearing. As noted in its order, the probate court "consider[ed] the merits" of the case in reaching its decision to affirm its previous award to Ms. Steward from the common fund, to deny Ms. Steward her lien, and to leave, undisturbed, any payments made by Mr. Harris during the pendency of the probate case. In this regard, Mr. Harris' breach of contract, unjust enrichment, double billing, and reasonableness claims were fully adjudicated in the probate court. As such the trial court did not err in dismissing Mr. Harris' lawsuit, in which he asserts claims previously adjudicated by the probate court, on grounds of *res judicata* and collateral estoppel.

### V. Damages for Frivolous Appeal

Ms. Steward asks this Court to award damages (in the form of attorney's fees) for frivolous appeal under Tennessee Code Annotated Section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in this Court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). We find that this appeal is not so devoid of merit as to characterize it as frivolous. Accordingly, we exercise our discretion to decline Ms. Steward damages for frivolous appeal.

### VI. Conclusion

For the foregoing reasons, we affirm the order of the trial court dismissing Appellant's lawsuit. The case is remanded to the trial court for such further proceedings

- 10 -

as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed to the Appellant, John W. Harris, Jr., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE